UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRICK SHALAKO HOUSTON, | Case No. 3:19-cv-00304-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| OFFENDERS MANAGEMENT DIVISION, *et al.*, | |
| Defendants. | |

**I.  DISCUSSION**

On January 17, 2020, this Court issued a screening order acknowledging that Plaintiff Brick Shalako Houston had been released from prison.[1] (ECF No. 12 at 1.) The Court denied Plaintiff's application to proceed *in forma pauperis* by an inmate as moot and directed Plaintiff to either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400, within 30 days from the date of that order. (*Id.* at 11.) The Court further warned that, "if Plaintiff fails to timely file an application to proceed *in forma pauperis* for non-prisoners, the Court will dismiss this case with prejudice. If Plaintiff timely files an application to proceed *in forma pauperis* for non-prisoners, the Court will issue a subsequent order which stays the case and refers this case to the Inmate Early Mediation Program." (*Id.* at 12.) After no response from Plaintiff, the Court dismissed this case with prejudice on February 24, 2020, and the Clerk of the Court entered judgment accordingly. (ECF Nos. 14, 15.)

On June 18, 2020, Plaintiff filed an "objection" to the dismissal. (ECF No. 16.) Plaintiff argues that the Court cannot dismiss his case with prejudice because he had

---

[1] On June 18, 2020, Plaintiff filed a notice of change of address indicating that he is now back in custody at the Clark County Detention Center. (ECF No. 17.)

1  stated colorable claims in his complaint, his two-year statute of limitations period has not
2  run, and he should be able to proceed with the case. (*Id.* at 2.)

3  The Court interprets the objection as a motion for reconsideration under Rule 60(b).
4  Upon motion by a party within twenty-eight days of the entry of judgment, the Court may
5  alter or amend its findings under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P.
6  59(e). A party can also seek reconsideration under Federal Rule of Civil Procedure 60(b).
7  Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented
8  with newly discovered evidence, (2) committed clear error or the initial decision was
9  manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.*
10 *1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for
11 reconsideration "may not be used to raise arguments or present evidence for the first time
12 when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*,
13 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to
14 grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121
15 (9th Cir. 2014).

16 The Court denies the motion for reconsideration. Plaintiff has not presented the
17 Court with any newly discovered evidence or an intervening change of law. Moreover, the
18 Court did not commit clear error when it dismissed Plaintiff's complaint with prejudice after
19 Plaintiff failed to respond to the Court's order. *See Link v. Wabash R. Co.*, 370 U.S. 626,
20 630, 633 (1962) (holding that a district court "may dismiss a complaint [under Fed. R. Civ.
21 P. 41(b)] for failure to prosecute even without affording notice of its intention to do so or
22 providing an adversary hearing before acting"); Fed. R. Civ. P. 41(b) (stating that "[i]f the
23 plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may
24 move to dismiss the action or any claim against it. Unless the dismissal order states
25 otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--
26 except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-
27 -operates as an adjudication on the merits").
28 ///

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that the Court interprets the "objection" (ECF No. 16) as a motion for reconsideration.

It is further ordered that the motion for reconsideration (ECF No. 16) is denied.

DATED THIS 22nd day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE