UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRICK SHALAKO HOUSTON,<br><br>                      Plaintiff,<br>    v.<br><br>OFFENDERS MANAGEMENT DIVISION, *et al.*,<br><br>                      Defendants. | Case No. 3:19-cv-00304-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

In June 2019 Plaintiff Brick Shalako Houston, then an inmate in the custody of the Nevada Department of Corrections ("NDOC"), initiated this lawsuit by submitting a complaint under 42 U.S.C. § 1983 and filing an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) On July 1, 2019, July 11, 2019, July 17, 2019, August 2, 2019, and October 2, 2019, Plaintiff filed notices of his change of address. (ECF Nos. 7, 8, 9, 10, 11.)

On January 17, 2020, this Court issued a screening order recognizing that Plaintiff was no longer incarcerated and directed him to file an application to proceed *in forma pauperis* for non-prisoners. (ECF No. 12 at 1.) The Court granted Plaintiff 30 days to file the application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee for a civil action. (*Id.* at 11.) The Court noted that, if Plaintiff failed to timely file an application to proceed *in forma pauperis* for non-prisoners, the Court would dismiss this case with prejudice. If Plaintiff timely filed an application to proceed *in forma pauperis* for non-prisoners, the Court would issue a subsequent order which stayed the case and referred the case to the Inmate Early Mediation Program. (*Id.* at 12.)

On February 24, 2020, after no response from Plaintiff, the Court dismissed the action with prejudice based on Plaintiff's failure to file an application to proceed *in forma*

1 *pauperis* for non-prisoners or pay the full filing fee in compliance with the Court's January 17, 2020, order. (ECF No. 14 at 3.) The Clerk of the Court entered judgment the same day. (ECF No. 15.)

On June 18, 2020, Plaintiff filed an updated address indicating that he was in custody at the Clark County Detention Center ("CCDC"). (ECF No. 17.) That same day, Plaintiff also filed an objection to the dismissal with prejudice because Plaintiff had two years to file a lawsuit under Section 1983 and still had one year left. (ECF No. 16.) The Court construed the objection as a motion for reconsideration and denied the motion. (ECF No. 18.)

On June 30, 2020, Plaintiff filed another motion for reconsideration (ECF No. 19) and then, a few days later, filed a supplemental reconsideration (ECF No. 20). In the motions, Plaintiff asserts that he has been homeless in Las Vegas since September 27, 2019, and that his change of address to Rialto, California, was to his mother's house. (ECF No 19 at 1.) However, it was impossible for Plaintiff's mother to forward his mail to him because he was homeless. (ECF No. 20 at 2.) On February 23, 2020, Plaintiff was arrested and able to use the indigent care pack which included legal envelopes and the ability to send legal mail to the courts by charging his account. (*Id.*) Plaintiff has only been able to contact the courts when he is arrested and/or detained at the CCDC. (*Id.* at 1.) After Plaintiff's arrest on February 23, 2020, Plaintiff contacted his mother who provided him with the screening and dismissal orders in March 2020. (*Id.* at 3.) On April 18, 2020, Plaintiff found out that he could receive mail at the homeless shelter he was staying at. (*Id.*) Plaintiff filed a change of address as soon as he was able to panhandle enough funds to provide postage to send motions to this Court. (*Id.*)

**II.    DISCUSSION**

Plaintiff in essence is asking this Court to set aside its judgment dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 60(b)(1). This rule provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R.

Civ. P. 60(b)(1).

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the Supreme Court interpreted "neglect" to encompass "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. In assessing whether a set-side is justified by a party's excusable neglect, courts apply a four-part test: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

### A. Prejudice to the Defendant

To be prejudicial, the "standard is whether [Defendants'] ability to pursue [their defenses] will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The loss of a quick victory does not constitute prejudice. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Court finds that this factor weighs in favor of setting aside its prior judgment. Although the Court did screen the case, Defendants had not been served because the Court was waiting for Plaintiff to first file an application to proceed *in forma pauperis* for non-prisoners.

### B. Length of the Delay

Next, the Court considers whether Plaintiff's neglect caused significant delay and its impact on the proceedings. *Pioneer*, 507 U.S. at 395. The Court finds that this factor weighs against setting aside judgment. The Court gave Plaintiff 30 days to respond to its January 2020 order. Plaintiff contacted the Court five months later.

### C. Reason for the Delay

When assessing the reason for the delay, the Supreme Court interprets Congress's

3

intent as permitting courts "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Delays in filing resulting from "negligence and carelessness," not "deviousness or willfulness," may be considered excusable neglect. *Bateman*, 231 F.3d at 1225.

The Court dismissed this case because Plaintiff failed to respond to the Court's order to file an application to proceed *in forma pauperis* for non-prisoners after his release from prison. Plaintiff attempts to explain his lack of responsiveness on his homelessness and the inability of his mother to forward his mail to him because he was homeless. Although the Court is sympathetic to Plaintiff's housing situation, it does not explain his lack of responsiveness. According to Plaintiff's motions, he is only able to check on his lawsuits when he is incarcerated or detained at the CCDC. Plaintiff asserts that he was arrested on February 23, 2020, and was able to use the indigent legal care packet at the CCDC. However, Plaintiff did not file a change of address notification with the Court at that time. Instead, Plaintiff waited until June 2020 to file anything with the Court. Moreover, Plaintiff states that, after he spoke to his mother after his arrest in February 2020, she provided Plaintiff the screening and dismissal orders from this Court in March 2020. Thus, even after being notified about this case in March 2020 from his mother, Plaintiff still chose not to contact the Court and instead waited another three months.

The Court finds that Plaintiff has not demonstrated excusable neglect. Even after Plaintiff learned about the Court's orders in March 2020, Plaintiff ignored this case for another three months. "Litigation is not a light switch that a party can turn off and on at his convenience." *Turner v. Nevada Dep't of Corr.*, No. 2:13-cv-01740-JAD-VCF, 2016 WL 4203818, at *4 (D. Nev. Aug. 8, 2016), *aff'd sub nom. Turner v. High Desert State Prison*, 695 F. App'x 336 (9th Cir. 2017).

**D.     Bad Faith**

For the last factor, the Court examines whether Plaintiff acted in bad faith when he failed to respond to the Court's order and meet its deadline. While the Court cannot say

4

he acted in bad faith, the Court is also not persuaded that Plaintiff acted in good faith when he failed to meet the Court's deadline. As explained above, Plaintiff knew about the Court's orders in March 2020 yet still failed to contact the Court. Moreover, Plaintiff cannot choose to only pursue his lawsuits while he is incarcerated.

After considering all four of the *Pioneer* factors, the Court finds that the factors weigh against setting aside judgment. The Court denies the motion for reconsideration (ECF No. 19) to set aside judgment but grants some relief, as discussed below.

### E.    Rule 60(b)(6)

Although the *Pioneer* factors weigh against setting aside judgment, the Court finds that some relief is warranted under Federal Rule of Civil Procedure 60(b)(6). The rule provides that the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(6). When deciding whether to dismiss an action for a plaintiff's failure to prosecute, the Ninth Circuit has directed courts to weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). In weighing these factors, the Court continues to find that dismissal of Plaintiff's case is warranted. However, the Court finds that the less drastic sanction of a without-prejudice dismissal is more appropriate in light of Plaintiff's recent disclosures.

## III.    CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 19) is denied in part and granted in part.

It is further ordered that the portion of the order dismissing Plaintiff's case with prejudice (ECF No. 14 at 3, line 4) is struck and revised to dismiss Plaintiff's case without prejudice. The Clerk of the Court will amend the judgment (ECF No. 15) to reflect a dismissal without prejudice.

///

It is further ordered that this case is dismissed without prejudice to Plaintiff's right to reassert his claims in another case because this case is closed. If Plaintiff wishes to pursue his claims, he must file a new lawsuit. No further motions will be considered in this closed case.

DATED THIS 16th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE